# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**ROBERT E. WHITE, # K1670**                                                 **PETITIONER**

**versus**                                   **CIVIL ACTION NO. 2:09cv55-KS-MTP**

**RONALD KING**                                                                **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Petition of Robert E. White for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254, and Respondent's Motion to Dismiss [12] pursuant to § 2244(d). Having considered the Respondent's Motion [12], along with documents made a part of the record of this case and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [12] be granted and that the petition be dismissed with prejudice.

PROCEDURAL HISTORY

On or about December 14, 1999, Petitioner Robert E. White was convicted by a jury of manslaughter in the Circuit Court of Jones County, Mississippi. White was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections. *Id.*

White perfected a direct appeal, and on October 2, 2001, the Mississippi Court of Appeals affirmed the judgment of conviction and sentence.[1] White did not file a motion for rehearing or a petition for certiorari with the Mississippi Supreme Court.

White filed a "Motion for Leave to Proceed in Trial Court for Post-Conviction Relief" on or about June 8, 2004.[2] The Mississippi Supreme Court denied the application on August 20,

---

[1] *White v. State,* 796 So. 2d 269 (Miss. Ct. App. 2001).

[2] *See* Ex. B to Motion [12-2].

2004.[3]  Approximately four years later, on August 22, 2008, White filed a second "Application for Leave to Proceed in Trial Court for the Circuit Court of Jones County, Mississippi."[4]  On September 30, 2008, the Mississippi Supreme Court dismissed White's successive application as procedurally barred pursuant to Miss. Code Ann. § 99-39-27(9).[5]  White filed a petition for rehearing and a writ of certiorari with the Mississippi Supreme Court, both of which the court denied as procedurally improper.[6]

White submitted his federal Petition for Writ of Habeas Corpus [1] on or about March 25, 2009.  The Respondent contends that White's Petition was not timely filed and that it should be dismissed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003).  A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari."  *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).

As noted above, White did not file a motion for rehearing and did not file a petition for writ of certiorari with the Mississippi Supreme Court after his conviction and sentence were affirmed.  *See* Miss. R. App. P. 40(a) (allowing fourteen days for filing a motion for rehearing

---

[3]*See* Ex. C to Motion [12-2].

[4]*See* Ex. D to Motion [12-3].

[5]*See* Ex. E to Motion [12-3].

[6]*See* Ex. F to Motion [12-3].

2

after a decision is handed down by the court of appeals). His failure to timely seek further discretionary review in state court stopped the appeals process and, in effect, waived his right to seek further review. *See* Miss. R. App. P. 17(b) ("A party seeking review of a judgment of the Court of Appeals must first seek review of that court's decision by filing a motion for rehearing in the Court of Appeals."); *Roberts v. Cockrell,* 319 F.3d 690, 694 & n.14 (5th Cir. 2003). White's judgment therefore became final–and the statute of limitations for federal habeas relief began to run–on October 16, 2001 (October 2, 2001 plus fourteen days), giving him until October 16, 2002 to file his petition. White did not file his federal petition until, at the earliest, March 25, 2009,[7] more than six years after the federal statute of limitations had expired. Based on the foregoing, White's federal petition for habeas corpus is barred by the one-year statute of limitations unless he is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between the judgment becoming final on October 16, 2001, and White's filing of the federal petition for habeas corpus on or about March 25, 2009, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending.

As set out above, White did file a motion for post-conviction relief in state court, but did not do so until June 8, 2004, almost two years after the expiration of the deadline to file his federal habeas petition. White's application was denied by the Mississippi Supreme Court on August 20, 2004. Because White failed to file a motion for post-conviction relief in the state court before the expiration of the deadline to file his federal petition, statutory tolling pursuant to Section 2244(d)(2) does not apply.

---

[7]The mailbox rule tolls the statute of limitations when the petition is delivered to prison officials for mailing. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999).

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). The court should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).

White has not shown that he was "actively misled" or that he was prevented from asserting his rights. Accordingly, the court is of the opinion that White has failed to meet his burden of establishing "rare and exceptional" circumstances sufficient to justify the application of equitable tolling to his time-barred petition.

In his Petition [1] and Response [14] in opposition to Respondent's Motion [12], White claims he is entitled to equitable tolling because he is actually and factually innocent, and that to find his petition procedurally barred would constitute a miscarriage of justice. White also claims that he is legally innocent of manslaughter, as he was never indicted for this specific crime and the jury was not properly instructed on this specific crime.

The Fifth Circuit has held that a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent[ ]." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). The court did, however, leave open the

possibility that a *showing* of actual innocence might warrant equitable tolling. *Felder*, 204 F.3d at 171 n.8; *see also Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000).

In *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), the Fifth Circuit stated,

> The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted. As a consequence, a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period. We have previously held that they do not. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000). Therefore, Cousin's claims of innocence do not preclude the dismissal of his petition as untimely.

In the instant case, White has failed to make a showing of actual innocence and, therefore, the equitable tolling doctrine does not apply.[8]

## CONCLUSION

White's state court conviction became final on October 16, 2001. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), he had until October 16, 2002, at the latest, to file a federal petition for a writ of habeas corpus. Based on this court's conclusion that White has failed to meet his burden of proving that statutory or equitable tolling is appropriate, and because White did not file his federal petition until March 25, 2009, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the Respondent's

---

[8] Of course, even if White had made a showing of actual innocence, it would still be inappropriate to apply the equitable tolling doctrine, as "[e]quitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (citations omitted). As discussed *supra*, White's judgment became final on October 16, 2001, yet White waited until 2004 to seek post-conviction relief, and waited over four years later to file the instant habeas petition. Therefore, White was not diligent in pursuing § 2254 relief. *See*, *e.g.*, *Melancon*, 259 F.3d at 408 (finding that petitioner who waited four months after state court ruling to file federal habeas petition was not entitled to equitable tolling because he did not "expediently" file his habeas petition).

Motion to Dismiss [12] be GRANTED and that White's Petition for Writ of Habeas Corpus be dismissed with prejudice.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 25th day of September, 2009.

s/ Michael T. Parker
United States Magistrate Judge