IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ROBERT E. WHITE, #K1670

VS.                                         CIVIL ACTION NO. 2:09cv55-KS-MTP

RONALD KING

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Robert E. White filed pursuant to 28 U.S.C. § 2254 [1], Respondents' Motion to Dismiss pursuant to 2244(d) [12], Report and Recommendation filed by Magistrate Judge Michael T. Parker [15], Objection thereto filed by Robert E. White [17] and the Court considering same as well as the record and applicable law, does hereby find that Respondent's Motion to Dismiss [12] should be **granted** and that the Petition should be dismissed with prejudice.

I. PROCEDURAL HISTORY

On or about December 14, 1999, Petitioner Robert E. White was convicted by a jury of manslaughter in the Circuit Court of Jones County, Mississippi. White was sentenced to serve a term of twenty years in the custody fo the Mississippi Department of Corrections. *Id.*

White perfected a direct appeal, and on October 2, 2001, the Mississippi Court of Appeals affirmed the judgment of conviction and sentence.[1] White did not file a motion for rehearing or a petition for certiorari with the Mississippi Supreme Court.

White filed a "Motion for Leave to Proceed in Trial Court for Post-Conviction Relief" on

---

[1] *White v. State,* 796 So. 2d 269 (Miss. Ct. App. 2001).

or about June 8, 2004. [2] The Mississippi Supreme Court denied the application on August 20, 2004. [3] Approximately four years later, on August 22, 2008, White filed a second "Application for Leave to Proceed in Trial Court for the Circuit Court of Jones County, Mississippi." [4] On September 30, 2008, the Mississippi Supreme Court dismissed White's successive application as procedurally barred pursuant to Miss. Code Ann. § 99-39-27(9).[5] White filed a petition for rehearing and a writ of certiorari with the Mississippi Supreme Court, both of which the court denied as procedurally improper.[6]

White submitted his federal Petition for Writ of *Habeas Corpus* [1] on or about March 25, 2009. The Respondent contends that White's Petition was not timely filed and that it should be dismissed.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v.*

---

[2] *See* Ex. B to Motion [12-2].

[3] *See* Ex. C to Motion [12-2].

[4] *See* Ex. D to Motion [12-3].

[5] *See* Ex. E to Motion [12-3].

[6] *See* Ex. F to Motion [12-3].

*Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

In his Objections the Petitioner lists five objections to the Report and Recommendation.

1. The lack of a valid conviction necessary to invoke the AEDPA's limitation;

2. The claim of actual innocence holds enough merit to justify equitable tolling;

3. The Report and Recommendation do not take into account the equitable tolling considerations of the trial court's lack of jurisdiction to proceed and lack of authority to impose sentence;

4. In the Report and Recommendation the Court did not take notice of the substantial claims of plain error raised in the Petition; and

5. The Report and Recommendation did not address the issue of COA.

The basis for the Magistrate Judge's recommendation to dismiss the Complaint is that the Petitioner's *habeas petition* is barred by 28 U.S.C. § 2244(d)(1)(a), which is the one year statute of limitation for filing a federal *habeas* petition under the Antiterrorism Effective Death Penalty Act (AEDPA). Objections two and three address the issue of equitable tolling which is the only way that the Petitioner will keep this petition before this Court. The objections of the Petitioner based on equitable tolling are only conclusory and state nothing upon which this Court can base equitable tolling on. Therefore, this Court finds that the Doctrine of Equitable Tolling, which is rarely applicable, is certainly not applicable here and that the U.S. Magistrate Judge's recommendation that the petition should be dismissed with prejudice is correct.

IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that White's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Robert E. White's claim is **dismissed with prejudice**.

SO ORDERED this, the 5th  day of February, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE